UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

NAOKO WORRELL,
    Plaintiff,
    v.                               CASE NO.: 5:21-CV-00452-OLG-HJB

UNITED SERVICES AUTOMOBILE ASSOCIATION,
FEDERAL SAVINGS BANK (USAA FSB)
    Defendant.
_____/

**<u>PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS (DOC # 8) AS UNTIMELY FILED, AND MOTION FOR ENTRY OF DEFAULT JUDGEMENT AGAINST USAA FOR FAILURE TO TIMELY ANSWER THE COMPLAINT</u>**

Plaintiff NAOKO WORRELL, pursuant to 28 U.S.C. § 1608, and Fed. R. Civ. P. hereby moves (this honorable Court) to strike as untimely Defendant's Rule 12 (b)(6) Motion to Dismiss (MTD) filed on Monday June 7, 2021 (Doc. # 8) in this Court, and preceding any properly filed Notice of Appearance from attorneys for USAA FSB; and for entry of Judgement by Default against the Defendant, and states as follows in support thereof:

(1) On or about Wednesday, May 5, 2021, Plaintiff filed the Civil Complaint # 5:21-CA-00452-OLG-HJB in this Court, and electronically served it upon the Defendant USAA FSB via the Court's CM/ECF system; and by other reliable means, including the United States Postal Service (USPS) -- pursuant to pertinent Fed. R. Civ. P. (e) and (h), and applicable state law; See Plaintiff's Certificate of Service (Service Exh-1).

(2) By information and belief, Defendant thus learned of pendency of this lawsuit on May 5, 2021, when it was filed and docketed in this Court, or very soon thereafter; (Doc #3).

(3) USAA FSB received, effective and constructive notice, and had knowledge that it was named as the Defendant in a lawsuit properly filed with this Court on May 5, 2021, seeking remedy against the Defendant's alleged retaliatory and illegal acts that it intentionally committed against Plaintiff.

(4) In accordance with Fed. R. Civ. P. 4 (e), and (h) and for service of process, the complaint was properly directed to the attentions of USAA FSB's chief executive officer (CEO), and or, its General Counsel; persons both presumably licensed to carry on ethical business in Texas, within the Court's jurisdiction, and who also must conduct themselves in accordance with applicable professional licensure requirements.

(5) USAA FSB therefore was provided by Plaintiff, pursuant to Fed. R. Civ. P. 4, sufficient reasonable time and notice of the pending civil complaint.

(6) Nonetheless, and despite established common ethical and professional business requirements, thus far, it is apparent from the Court's docket, and from the United States Postal Service (USPS), along with official receipts and other documents from United States Marshalls Service (USMS), that these federal agencies likely were unduly delayed, hindered, and interfered with by USAA FSB. Hence, prevented from performing their vital duties simply to avoid providing the Court with evidence of successful service of process on USAA FSB, and delivery of the complaint. (Service Exh-2)

(7) In fact, as of composition and filing of this motion -- and more than seven weeks after May 4, 2020, when the Court first docketed the complaint -- which was similarly deposited into the mail-stream of USPS for simultaneous delivery to the Court and the Defendant, the USPS still is being hindered (by USAA FSB) from performing its important official duties and from delivering copies of the complaint, initially delivered to the USPS on May 4, 2021.

(8) Furthermore, according to the case docket (Doc. # 8), also on Monday, May 10, 2021, USMS received copies of the summons and other official papers from the Clerk for prompt delivery, without delay, and service upon Defendant.

(9) At that very instance, and ever since Friday May 7, 2021, by information and belief, USAA FSB intentionally continued actively and improperly obstructing service by the USPS, as it had already received constructive notice of the lawsuit via other reliable means, including CM/ECF, since May 5, 2021.

(10) The Court's docket, and other official documents show that from Monday, May 10, until Wednesday, May 19, 2021, USMS was possibly and seemingly obstructed from its duties or prevented somehow from depositing copies of the complaint, summons, and other official documents into the USPS mail-stream promptly, as is customarily directed by the Court; See Service Exh-3, (Doc # 7).

(11) Notably, if Defendant USAA FSB indeed has sufficient power to interfere with, or adversely influence the normal duties and service of federal agencies like the USPS and USMS, as the docket evidence itself appears to suggest it does – Plaintiff has then embarked on a futile errand and stands absolutely no chance for relief against the Defendant in this matter.

(12) If Defendant USAA FSB is relying on shenanigans, including its undue influence, to prevent ordinary service by the USPS that normally takes a day or two, clearly then it does not intend to be held to account by this Court -- nor anyone else, for the deceptive, unlawful, or retaliatory illegal conduct being alleged against it in this case.

(13) Plaintiff prays that the Court sufficiently stay this case, that the USPS and USMS may provide a statement detailing what transpired while attempting delivery and service of the Complaint on USAA FSB.

(14) Pursuant to Fed. R. Civ. P. 12, the statutory time for USAA FSB to timely answer the Complaint expired prior to June 1, 202. Hence, interference with avoidance and of Service

considered, the MTD (Doc. # 8) docketed on June 6, 2021, is untimely, thus not properly before the Court, and should be stricken.

(15) Moreover, the MTD untimely filed by USAA FSB presents arguments that are without legal merit and or are frivolous on its face. Because there is clearly no time bar against the timely filed Complaint, after correctly tolling time for the Federal Consumer Protection Bureau (FCPB) investigation in 2019 (May – July), as legally required.

(16) Furthermore, the MTD frivolously and erroneously argues the claims are time barred because the applicable statute of limitation commenced on March 28, 2019, or months before the alleged retaliatory actions took place. To wit, the unlawful retaliatory closing of Plaintiff's entirely well managed accounts, about April 27, 2019. In fact, to the extent the statute of limitation is relevant, it clearly must commence after the FCPB investigation closed administratively, after July 2019.

(17) Additionally, Defendant's false assertion that it is not bound by the laws and regulations prohibiting it from knowingly and intentionally relying on, and engaging in, willfully false and deceptive practices, except in a special fiduciary relationship capacity, is without legal merit or support.

(18) Plaintiff has therefore initiated an inquiry and investigation with the USPS Inspector General (IG) to uncover whether the USPS has been unduly hindered from performing its federal mandate and vital mail delivery duties; IG Issue Incident: 27383674.

(19) Accordingly, Plaintiff expressly reserves its right to file specifically detailed responsive pleadings to Defendant's MTD (Doc. # 8), should the Court determine no improper interference, hindrance, or delay of the USPS and USMS occurred relating to prompt service of process, or to the extent it deems Defendant's filing timely, and or meritorious.

WHEREFORE Plaintiff prays the Court review and make a ruling regarding the Defendant's extraordinary tactics to delay and frustrate normal service of legal process, thereby needlessly delaying proceedings in this case, without the Court's approval or cause. And for USPS and USMS to explain the delays and failure to make service during May 5 to 19, 2021, or even beyond June 2021, based on the docket evidence and other official statements from the USPS and USMS.

In the alternative, Plaintiff request that the Court order a stay of this case, sufficient to make a full inquiry and to obtain official statements from the USPS and USMS more fully detailing the cause of delay, or failure perform service, by delivering to USAA FSB a copy of the complaint and summons filed in this Court on Wednesday May 5, 2021.

Plaintiff expressly reserves any and all rghts to seek imposition of appropriate sanctions against USAA FSB, and its Counsel, if the delay and obstruction of service in this case is determined to be attributed to Defendant's shenanigans designed to interfered with the normal functioning of the USPS, and or, USMS.

WHEREFORE, Plaintiff respectfully request that the Court enter an order substantially as in the attached proposed order, and grant all other further relief against Defendant, it deems just and proper.

Date: June 30, 2021

    /s/ *Naoko Worrell*
Naoko Worrell
2950 SE Ocean Boulevard, #1 -- 2
Stuart, FL 34996-3546